**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **United States of America** | : | |
| | : | |
| v. | : | Case No. 3:07cr134 (JBA) |
| | : | |
| **Ionia Management S.A., et al.** | : | |

**ORDER ON DEFENDANT'S MOTIONS FOR AGENTS' ROUGH NOTES**
**[DOCS. ## 72, 84]**

Defendant Ionia has moved for the disclosure of federal agents' rough notes of interviews with Ionia employees on grounds that they constitute "portion[s] of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent" pursuant to Fed. R. Crim. P. 16(a)(1)(B)(ii) and, for certain agents, because they will be witnesses at trial. See Mot. for Disclosure [Doc. # 72]; Suppl. Mot. for Disclosure [Doc. # 84].

At the July 30, 2007 telephonic status conference, the Government argued that it was not required to disclose the rough notes because their substance was contained in the typewritten reports that had already been produced to Ionia, citing United States v. Koskerides, 877 F.2d 1129, 1133 (2d Cir. 1989), United States v. Elusma, 849 F.2d 76, 79 (2d Cir. 1988), and three Northern District of New York cases, only one of which the

1

Government provided the cite for, United States v. Walker, 922 F. Supp. 732, 744 (N.D.N.Y. 1996). On the basis of the Court's review of these decisions during the conference, and upon the agreement of the parties, the Court directed the Government to submit the notes and the reports to the Court for in camera review and determination of whether the substance of the notes was in fact contained in the reports.

Now having received copies of the notes and reports and having more thoroughly reviewed the case law on this issue, including that cited in defendant's initial Motion, however, it has become apparent that the Government's reference to Koskerides and other cases did not take into account the fact that both Koskerides and Elusma "relied on an earlier version of Rule 16, which required production only of 'the substance of any oral statement' made by defendant during interrogation that the government intends to offer at trial," and thus did not reflect the amendment to Rule 16 in 1991 which "broadened the government's disclosure obligations and invalidated Koskerides in this respect." See United States v. Stein, 424 F. Supp. 2d 720, 728-29 (S.D.N.Y. 2006) (citing, inter alia, United States v. Clark, 385 F.3d 609, 619 (6th Cir. 2004) ("[T]he government violated Rule 16 by failing to turn over [the interrogating agent's] rough notes upon Defendant's request."), and United States v. Molina Guevera, 96 F.3d 698, 705 (3d Cir. 1996)

(production of government agent's handwritten interview notes with defendant was required under Rule 16); see also United States v. Ferguson, 478 F. Supp. 2d 220, 235-37 (D. Conn. 2007) (Droney, J.) (noting a split of authority between circuits, observing that the Second Circuit has not addressed the issue since the pre-1991 decision in Koskerides, and concluding that although the Advisory Committee notes to the 1991 amendment "provide support both for and against disclosure of the rough notes," "the plain language of the rule requires disclosure of the interview notes").  Additionally, while Walker was decided after the 1991 amendment, that case refers only to the requirement of Rule 16(a)(1)(A) for disclosure of "the substance of any relevant oral statement made by the defendant" and does not address the broadening of the Government's disclosure obligations implemented by the 1991 amendment and reflected in Rule 16(a)(1)(B)(ii).  The Court cannot specifically distinguish the circumstances/holdings of the other two Northern District of New York cases referenced by the Government in the July 30 telephonic conference because cites for those cases were never provided and the names alone have been insufficient for the Court to identify the decisions. However, as discussed supra, the weight of current authority appears to be against the proposition for which the Government claims these two cases stand (further, the Government did note that at least one of the cases was from

3

1983 and thus pre-amendment).[1]

Accordingly, it is clear that, pursuant to Rule 16(a)(1)(B)(ii), the Government must produce all of the agents' rough notes of interviews/interrogations conducted with the defendant's employees/agents, whether or not the agent-authors are testifying at trial in the Government's case in chief. Defendant's Motion for Immediate Disclosure [Doc. # 72] will thus be GRANTED, and its Supplemental Motion for Immediate Disclosure [Doc. # 84] will be DENIED as moot. The Government is directed to provide copies of all of the agents' rough notes to defense counsel no later than **9 a.m. on Monday, August 6, 2007.**[2]

IT IS SO ORDERED.

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 2nd day of August, 2007.**

---

[1] Moreover, and in any event, the Court has determined from its review and comparison of the notes and reports that there is information contained in the notes that is not reflected in the reports and thus the Court, being unable to determine the potential significance, if any, of this omitted information to the defense, would have been unable to conclude that the reports constitute the "substance" of the interview notes.

[2] The Court notes from the Government's in camera submission, however, that certain agents (including some that the Government intends to call as witnesses in its case in chief) either were not present at any witness interviews and/or did not prepare any notes. For clarity sake, the Government is further directed to provide to defense counsel a list of those agents who either did not keep notes or were not present at any interviews.