**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **United States of America** | : | |
| | : | |
| v. | : | Case No. 3:07cr134 (JBA) |
| | : | |
| **Ionia Management S.A., et al.** | : | |

### RULING ON DEFENDANT'S EMERGENCY OBJECTION AND REQUEST FOR EXPEDITED DISTRICT JUDGE REVIEW OF U.S.M.J. FITZSIMMONS' AUGUST 8, 2007 RULING ON DEFENDANT'S MOTION [DOC. # 108]

On August 8, 2007, Magistrate Judge Holly B. Fitzsimmons issued a ruling denying, inter alia, defendant Ionia's Motion for an Order Directing the Parties to Take Rule 15 Depositions of the Three (3) Former Crewmembers Who are Presently in Greece and the Philippines [Doc. # 90].[1]  See 8/8/07 Fitzsimmons Ruling [Doc. # 107].  Ionia now objects to this Ruling, challenging Magistrate Judge Fitzsimmons' conclusions regarding defense counsel's delay, the witnesses' unavailability for trial, and the materiality of their testimony.  See Def. Obj. [Doc. # 108].  Because Ionia's Motion concerned a non-dispositive pre-trial discovery matter, the appropriate standard of review of the Magistrate Judge's Ruling is "clearly erroneous or contrary to law."  See 28 U.S.C.

---

[1] In her Ruling, Magistrate Judge Fitzsimmons also denied defendant's Motions seeking treatment of eight other crewmembers, currently in Connecticut, as material witnesses and an order directing the parties to take their depositions pursuant to Rule 15.

1

§ 636(b)(1)(A).

Under Fed. R. Crim. P. 15(a), a party may move for the deposition of a witness for use at trial, which motion may be granted in the district court's discretion "because of exceptional circumstances and in the interest of justice." Fed. R. Crim. P. 15(a). "A movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice." See United States v. Cohen, 260 F.3d 68, 78 (2d Cir. 2001).

As a preliminary matter, Ionia challenges what it characterizes as the Magistrate Judge's implication that Ionia's counsel "dragged its heels" in its trial preparation by not contacting the witnesses in question earlier, an observation which played a role in her conclusion regarding the individuals' unavailability for trial. While Ionia cites the number of pre-trial motions its counsel has filed, the amount of discovery reviewed, and other time-consuming pre-trial matters, Ionia's Objection does not address the Magistrate Judge's observation that these individuals were Ionia employees and that thus Ionia was aware of their service on the Kriton, their respective positions onboard, and knew how to contact them. Additionally, as Magistrate Judge Fitzsimmons acknowledged and Ionia does not address, both Ionia and the Government have long been on notice

that the trial schedule in this action was on a "fast track" both due to the impending August 31, 2007 expiration of the surety agreement between the two concerning witnesses currently being housed by Ionia in Connecticut and given the August 1, 2007 jury selection date initially set at arraignment on June 18, 2007, see [Doc. # 10] and trial date of August 20, 2007 set on June 28, 2007, see [Doc. # 14].

As to Ionia's objection concerning unavailability of the three witnesses for trial, it is undisputed that Nikolas Katsaneris is a citizen of Greece, where he now resides, and both Hugene Arriesgado and Edwin Rivera are citizens and current residents of the Philippines. While it is not disputed, as Ionia observes, that these individuals are thus beyond the subpoena power of the Court, and that they have not agreed to travel to the United States to testify at trial, Magistrate Judge Fitzsimmons determined that Ionia had not made a good faith effort to obtain their testimony at trial, given the circumstances of Ionia's delay in contacting them. In its Objection, Ionia rehashes the arguments it offered to Magistrate Judge Fitzsimmons concerning unavailability, but does not offer any new information or legal authority demonstrating that her conclusion was clearly erroneous or contrary to law.[2] Moreover,

---

[2] Further, the fact the these individuals are current and/or former Ionia employees counsels in favor of Magistrate Judge Fitzsimmons' conclusion. See United States v. Oudovenko, No.

3

even if the individuals were deemed unavailable for purposes of Rule 15, as explained <u>infra</u> Ionia also cannot demonstrate that Magistrate Judge Fitzsimmons' conclusion that the individuals would not provide material testimony was clearly erroneous or contrary to law.

Turning thus to the materiality of the three witnesses, Ionia does not object to the Magistrate Judge's articulation of the relevant standard for determining materiality, which requires a showing that the anticipated testimony would be exculpatory/is capable of negating an element of the Government's case. <u>See</u> 8/8/07 Ruling at 25-26. As to Hugene Arriesgado, the Chief Officer of the Kriton, defendant refers, as it did in its Motion before Magistrate Judge Fitzsimmons, to the argument Arriesgado purportedly overheard between Chief Engineer Renieris and Electrician Gueverra, a witness for the Government, in which Gueverra told Renieris that he would "sent [him] to jail," and also to anticipated testimony that Arriesgado "understood" another Government witness had been passed over by Ionia for a promotion and was thus upset, which evidence Ionia claims could be used for impeachment purposes at trial. As Magistrate Judge

---

00cr1014, 2001 WL 253027, at *2 (E.D.N.Y. Mar. 7, 2001) (fact that all witnesses at issue were employees of defendant's company counseled against a finding of unavailability); <u>compare</u> <u>United States v. Stora Enso N. America Corp.</u>, 06cr323 (CFD), 2007 WL 1845906, at *1 (D. Conn. June 26, 2007) (observing that witnesses had no connection to defendant that would provide them with an incentive to testify at trial).

Fitzsimmons found, however, and defendant does not offer any argument to dispute the soundness of her finding, Arriesgado has not been shown to have had any duties in the engine room (and thus is not likely to have testimony based on personal knowledge concerning the alleged unlawful overboard discharges) and the purported impeachment evidence can be inquired into on cross examination of the Government's witnesses. Moreover, as the Magistrate Judge found, Arriesgado's claim that he "understood" this second Government witnesses to have been passed over for a promotion is hearsay.

As to Edwin Rivera, the Kriton's Fitter, defendant contends that he worked in the engine room and will offer information that he never observed or heard about the alleged unlawful activity. However, as Magistrate Judge Fitzsimmons concluded, Rivera's claimed lack of personal of knowledge does not demonstrate <u>Ionia</u>'s lack of knowledge, particularly where no other witness identifies Rivera as present during the alleged unlawful activity or as someone knowledgeable about that activity. Ionia offers no argument as to why the Magistrate Judge's finding concerning the lack of identity between Rivera's personal knowledge and what Ionia may have known through its other employees and thus has not demonstrated that her conclusion is clearly erroneous or contrary to law.

Lastly, as to Nikolas Katsaneris, a Kriton Chief Engineer,

defendant claims that he worked in the engine room, will testify that Ionia's co-defendant Mr. Mercurio, who will testify against the Company at trial, is lying about the illegal activity he contends that he observed and participated in, and that he will deny any illegal overboard discharges. Again, however, defendant does not address the Magistrate Judge's observation that Katsaneris' lack of knowledge is not exculpatory of Ionia because Katsaneris' subordinates could have provided him with false information.

Accordingly, defendant has not met its burden of demonstrating that the Magistrate Judge's conclusions as to either witness unavailability or materiality were clearly erroneous or contrary to law, and its Objection [Doc. # 108] is thus be OVERRULED.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

**Dated at New Haven, Connecticut, this 15th day of August, 2007.**