UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| United States of America | |
|---|---|
| v. | Criminal No. 3:07cr134 (JBA) |
| Ionia Management, S.A. | |

**RULING AND ORDER ON DEFENDANT'S MOTION
TO SET ASIDE PENALTY ASSESSMENT**

Defendant Ionia Management, S.A. ("Ionia") once again seeks to delay its criminal monetary obligations, this time by moving to set aside the ten-percent penalty accrued pursuant to 18 U.S.C. § 3612(g).[1] While Ionia represents that it "has raised the $1,225,000 required to meet the first installment payment, but has not been able to raise the additional half-million dollars required by the Court's orders in the one business day it has had in Greece since entry of those orders" (Def.'s Mot. Set Aside Penalty [Doc. # 273] at 1), it has to date paid nothing. Ionia contends that the penalty should not be imposed for three reasons:

> (1) the thirty day "clock" did not begin to run while the Court had under submission the defendant's requests for a stay of the fine or alternative relief; (2) the penalty should not be imposed where the government did not issue the statutorily required notice of delinquency (18 U.S.C. § 3612(d)); and (3), that a penalty should not be imposed absent a hearing on the same and an opportunity for the defendant to be heard.

(*Id.*)

The Court sentenced Ionia on December 14, 2007 and imposed a $4.9 million fine,

---

[1] The Court again presumes a familiarity with the relevant factual background as set out in previous rulings in this case. *See United States v. Ionia Mgmt., S.A.*, 526 F. Supp. 2d 319, 322 n.1 (D. Conn. 2007).

due immediately. (Sent'g Hr'g Tr., 73:19–20.) The fine due date was later stayed to January 14, 2008 [Doc. # 237], on which date Ionia moved to further stay and modify its fine obligations on the ground that it was unable to pay even a fraction of the total fine imposed. (Def.'s Mot. [Doc. # 236] at 6–8.) The Court denied the request for stay on March 3 but adjusted the payment schedule to order Ionia "to make payment in four equal installments of $1.225 million each, the first of which is due immediately with accrued interest." (Ruling on Mot. Modify Fine [Doc. # 265] at 4.) Thereafter, Ionia moved for clarification of this ruling on March 4 [Doc. # 267]. After a full round of briefing, the Court granted this request on March 7 in an order which set out the fine payment schedule in great detail, ordered the first payment due March 10, and imposed the ten-percent delinquency penalty requested by the Government inasmuch as there had been more than a thirty-day delinquency period since January 14. (Clarification Order [Doc. # 270] at 2.) Also on March 7, Ionia sought further delay in an e-mail message asserting that it was impossible to comply by the March 10 due date. The Court gave Ionia a twenty-four-hour extension, ordering [Doc. # 271] that "Ionia's first payment—$1,225,000 plus accrued interest on $4,900,000 plus $490,000 penalty—is due March 11, 2008. No further extensions of this installment will be given."

Turning to the present motion, Ionia has offered no explanation for why it has failed to comply with any of the fine order nor any authority for why the penalty pursuant to § 3612(g) is not applicable. After recounting the same procedural history as summarized above, Ionia asserts that "[i]t is our position that as the Court had under submission the issue of when and how much that payment would be, at least until March 3, that the 30 day period for payment did not begin to run until that date, at the earliest." (Def.'s Mot. Set Aside Penalty at 4.) Ionia ignores that the ruling on its January 14 motion ordered the first

2

installment payment "due immediately with accrued interest" and that the interest imposed reflected that no additional stay had been granted. Ionia offers no explanation for why the time elapsed since the thirty-day stay granted in January 2008 expired does not constitute the delinquency period required by § 3612(g).

Ionia argues that the statutory penalty is not applicable because the Government failed to comply with § 3612(d), which provides that "[w]ithin ten working days after a fine or restitution is determined to be delinquent as provided in section 3572(h), the Attorney General shall notify the person whose fine or restitution is delinquent, to inform the person of the delinquency." The statute contains no particulars on form of notice, although previously § 3612(d) required the Government to notify the defendant of the delinquency penalty by certified mail. In 1988, however, the Congress deleted this provision as part of the Anti-Drug Abuse Act, Pub. L. 100-690, Title VII, § 7082(d). In a section-by-section analysis of the bill, Senator Biden explained the reasoning behind this change:

> Sections 3612(d) and (e) set forth notice requirements relating to delinquent fines and fines determined to be in default. The amendment in subsection (d) would leave unchanged the requirement that the government give notice of delinquency or default in certain circumstances. But it would relieve the government of the need to use certified mail to accomplish the notification. The amendment recognizes that certified mail is expensive, is no more likely to achieve actual notice than is first class mail, *and in some circumstances, may be totally unnecessary, as when a defendant has been personally notified of his delinquency or default.*

134 Cong. Rec. S17360-02, (Nov. 10, 1988) (statement of Sen. Biden) (emphasis added). The current notice provision has been rarely litigated. In *United States v. Daniels*, 1997 WL 53122, at *3 (N.D. Tex. Feb. 5, 1997), the court concluded that "sufficient notice was provided when this [criminal judgment lien] case was filed" and that "[t]he complaint filed

3

by the government contains all of the information required by the statute and constitutes adequate notice to the defendant." *Id.* The same conclusion is appropriate here. The Government notified the Court and Ionia that it was seeking to impose the statutory penalty in its March 6 memorandum responding to Ionia's motion for clarification: "The United States files this reply to bring to this Court's attention, and the Defendant's attention, the accrual of statutory penalties pursuant to 18 U.S.C. § 3612(g)." (Gov't's Mar. 6, 2008 Response [Doc. # 268] at 1.) This constituted actual, direct notice to Ionia, and was therefore adequate to comply with § 3612(d).

The Defendant also contends "that the Fifth and Sixth Amendment rights of a defendant require that there be notice and a hearing, and the opportunity to be heard before so large an additional penalty is imposed by the Court," "that a hearing and opportunity to speak were required by Fed. R. Crim. P. 32(i)(4), as this matter properly may be viewed as a continuation of the sentencing hearing," and "that a hearing and opportunity to be heard was required by Fed. R. Crim. P. 32.1(c), because the order effectively modifies the conditions of probation by increasing the amount of money required of the defendant." (*Id.* at 5.) While Ionia had opportunity to raise these arguments in its reply brief to its motion for clarification filed after the Government requested imposition of the § 3612(g) penalty, it failed to do so. More importantly, Ionia provides no authority in support of these positions.

Finally, the Court notes that Ionia now claims that it has been unable to raise the entire criminal monetary obligation ordered, asserting that it "has raised the $1,225,000 required to meet the first installment payment, but has not been able to raise the additional half-million dollars required by the Court's orders in the one business day it has had in

4

Greece since entry of those orders" (Def.'s Mot. Set Aside Penalty at 1), apparently abandoning its earlier position that the fine imposed will threaten its corporate livelihood. Given the Defendant's track record showing no good faith payment of *any* of the criminal monetary obligations—except the $7,200 special assessment—and its current motion lacking any merit, the Court adheres to its prior orders of March 7 and 10 and denies Ionia's Motion to Set Aside Penalty Assessment [Doc. # 273].

                        IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 13th day of March, 2008.